UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 04-10854 |
| | ) | |
| LINDA QUINONES, | ) | Chapter 7 |
|     Debtor. | ) | |
| | ) | Adversary Proceeding No. 04-1488 |
| RICHARD BAUMGART, | ) | |
|     Plaintiff, | ) | Judge Arthur I. Harris |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA QUINONES, | ) | |
|     Defendant. | ) | |

MEMORANDUM OF OPINION

Linda Quinones filed her Chapter 13 case, #04-10854, on January 26, 2004. The case was ultimately converted to Chapter 7 (main case Docket #26) on July 19, 2004. On September 13, 2004, the Chapter 7 trustee filed this adversary proceeding asking this Court to deny debtor's discharge. The trustee alleges that Ms. Quinones failed to appear for a Rule 2004 examination ordered by the Court (main case Docket #33) and failed to produce documents required by that same order. On November 15, 2004, the debtor filed a pro se answer: "I can only ask that you allow me the Chapter 7 and if that is not to your liking then I ask for a ruling for Chapter 13. Whatever your decision, I will obey." The trustee then moved for summary judgment or for judgment on the pleadings (Docket #11).

Rule 12(c) of the Federal Rules of Civil Procedure applies in adversary proceedings pursuant to Rule 7012 of the Federal Rules of Bankruptcy Procedure. Rule 12 of the Federal Rules of Civil Procedure provides in pertinent part:

> **(c) Motion for Judgment on the Pleadings.** After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

In considering a motion for judgment on the pleadings, the trial court is required to view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See, e.g.*, *Housing Authority Risk Retention Group, Inc. v. Chicago Housing Authority*, 378 F.3d 596, 600 (7th Cir. 2004) (describing standard for considering plaintiff's motion for judgment on the pleadings); *Smith v. City of Salem, Ohio*, 378 F.3d 566, 568 (6th Cir. 2004) (describing standard for considering defendant's motion for judgment on the pleadings); *Mixon v. State of Ohio*, 193 F.3d 389, 399-400 (6th Cir. 1999) (same). *See generally* 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 3D §§ 1367, 1368 (2004). Although the plaintiff has submitted an affidavit in support of its motion (Docket #11 at

Exhibit A), the Court is able to resolve the motion without relying on the affidavit. Therefore, pursuant to Rule 12(c), the Court will exclude the affidavit and will analyze plaintiff's motion under Rule 12(c) rather than under Rule 56.

Judgment on the pleadings is appropriate in this case where the complaint is well pled and the debtor's answer contains no defense. *See* FED.R.CIV.P. 8(d). Discharge has not been entered in the debtor's case #04-10854, so denial of discharge under Section 727 is applicable. Section 727(a)(6) states that this Court can deny a debtor's discharge if the debtor refuses to "obey any lawful order of the court." In his complaint, the trustee alleges that debtor failed to appear at the Rule 2004 examination ordered by the Court (main case Docket #33) and that she failed to produce the documents described in that same order. The trustee needs this documentation because he believes that debtor received a tax refund that should have been part of the bankruptcy estate and should have been turned over to the trustee for distribution to creditors. In her answer, the debtor gives no explanation for her failure to appear and produce the needed documents, nor does she contest the allegations about the tax refund. These pleadings set out the necessary elements for denying debtor's discharge under Section 727(a)(6). Therefore, the plaintiff's motion for judgment on the pleadings is granted, and

3

debtor's discharge is denied pursuant to Section 727(a)(6) for failure to obey a lawful order of this Court.

IT IS SO ORDERED.

Arthur I. Harris
United States Bankruptcy Judge

PARTIES TO BE SERVED

Plaintiff/Trustee and Counsel
Defendant/Debtor